```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

ALEXANDER PENLEY,

                Plaintiff,        14 Civ. 1577   (JGK)

    - against -              MEMORANDUM OPINION AND
                                                                          ORDER

CITY OF NEW YORK, ET AL.,

                Defendants.

JOHN G. KOELTL, District Judge:

     The plaintiff, Alexander Penley ("Penley") sued the City of New York (the "City") and several of its employees. Penley accepted a Federal Rule of Civil Procedure 68 offer of judgment from the City, but the City failed to make payment within ninety days of the date of acceptance of the offer. Penley now moves for the City to pay $665.78 in interest on the underlying amount of judgment ($25,001), along with attorneys' fees to reimburse him for having made this motion. For the reasons provided below, the motion is denied.

I.

     Penley filed this action against the City and multiple New York City police officers in March 2014. In December 2014, pursuant to Rule 68, the City served the plaintiff an offer of judgment for $25,001 plus reasonable attorneys' fees, expenses, and costs up to the date of the offer. On January 6, 2015, Penley accepted the City's offer. This Court then issued a

judgement pursuant to Rule 68, which discharged the City and the other defendants from all claims that were or could have been brought by Penley arising out of the facts and circumstances that are the subject of the action.  Penley also waived any claim for interest on the amount of judgment and agreed that payment within ninety days of the date of acceptance would be reasonable.  On the same day, this Court also endorsed a stipulation and order of settlement of attorneys' fees, expenses, and costs.  That order provided that the City agreed to pay $30,000 in attorneys' fees, and Penley's counsel agreed to not bring any other applications for fees, expenses, or costs.

The City made the $25,001 payment on April 24, 2015, eighteen days later than ninety days after the acceptance of the offer.  Penley then brought this motion requesting interest in the amount of $665.78, in accordance with the New York State interest rate (9%), and attorneys' fees for having made the motion.  The City quite reasonably agreed to settle the dispute by paying interest for the additional eighteen days in accordance with the current federal judgment interest rate (0.25%) for a total of $18.49.  Penley, in a letter dated June 4, 2015, refused the $18.49 offer and renewed his request for $665.78 in interest and attorneys' fees.  The City then, in a

letter dated July 17, 2015, asked this Court to deny Penley's motion in its entirety.

## II.

"Offers of judgment pursuant to [Rule] 68 are construed according to ordinary contract principles." Goodheart Clothing Co. v. Laura Goodman Enter., 962 F.2d 268, 272 (2d Cir. 1992). When the terms of a contract are unambiguous, the Court must not "alter or go beyond the express terms" of the parties' agreement. See Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999).

When parties to a settlement waive any claim for interest and also agree that payment shall be made within a reasonable period of time, the waiver of interest is not conditioned on timely payment. Compagnie Nationale Algerienne de Navigation v. Rio Grande Transp., Inc., 770 F.2d 262, 264 (2d Cir. 1985); see also Nicaj v. City of New York, No. 07cv2382, 2009 WL 513941, at *1 (S.D.N.Y. Feb. 26, 2009) (Sand, J.) ("[W]hen a settlement agreement . . . does not set a time frame for payment, a plaintiff is not entitled to receive interest on the settlement because of a delay in payment."). In this case, the parties provided that payment within ninety days was reasonable, but did not provide that interest accrued if payment was not made within ninety days.

Here, Penley waived his right to "any" claim for interest by accepting the offer of judgment. That waiver includes his request for post-judgment interest. See Fid. Fed. Bank, FSB v. Durga Ma Corp., 387 F.3d 1021, 1023 (9th Cir. 2004) ("An exception to [post-judgment interest provided by 28 U.S.C.] § 1961 exists when the parties contractually agree to waive its application.").

The ninety-day language in the offer of judgment does not impose a penalty for failure to pay within that period. See Memo Endorsement at 1, Parris v. City of New York, No. 13cv7934 (VSB) (S.D.N.Y. Mar. 17, 2015), ECF No. 23; see also Memo Endorsement at 1, Colon v. City of New York, No. 13cv6435 (VEC) (S.D.N.Y. Mar. 19, 2005), ECF No. 30. Nothing in the offer of judgment, as incorporated in the judgment, suggests that the parties treated ninety days as a strict deadline that renders all late payment unreasonable. See Nicaj, 2009 WL 513941, at *1 (refusing to award interest based on delayed payment because parties did not set a strict deadline when "the City had to submit payment").

Penley cites Brown v. City of New York, No. 09cv1809, 2012 WL 628496 (E.D.N.Y. Jan. 30, 2012), adopted by Brown v. City of New York, No. 09cv1809, 2012 WL 626395 (E.D.N.Y. Feb. 27, 2012). That court awarded post-judgment interest to the plaintiffs because the City had failed to make timely payment of a

4

settlement. Id. at *7. But, unlike Penley, the Brown plaintiffs did not waive a claim to interest. Id. at *1.

Thus, Penley is not entitled to interest. Likewise, Penley's motion for attorneys' fees is denied because the settlement agreement bars such an application. See Guerrero v. Cummings, 70 F.3d 1111, 1113 (9th Cir. 1995) (holding that the plaintiff was not entitled to post-judgment attorneys' fees when the settlement limited the attorneys' fees to those incurred prior to the date of the offer).

Prompt payment of judgments should be encouraged and not deterred. But the deal that the parties struck cannot be ignored. Moreover, it is a fact that the current rate of post-judgment interest for federal judgments is, in any event, exceedingly low and provides little incentive for prompt payment. If this is a matter of significance for the parties, they can provide for it in negotiating the terms of a judgment but a party cannot unilaterally change the judgment after it is entered.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion for interest and further attorneys' fees is **denied**.

**SO ORDERED.**

Dated:   New York, New York
        September 8, 2015

                                        John G. Koeltl
                                    United States District Judge